```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


JAMES EDWARD COGGINS,              : CIVIL NO: 1:10-CV-02590
                                   :
         Plaintiff                 :
                                   : (Judge Conner)
     v.                            :
                                   : (Magistrate Judge Smyser)
MURRAYS FREIGHTLINER and           :
FREIGHTLINER OF HARRISBURG,        :
                                   :
         Defendants                :
```

**REPORT AND RECOMMENDATION**

On December 20, 2010, the plaintiff commenced this action by filing a complaint. The plaintiff is proceeding *pro se*.

The plaintiff filed an application to proceed *in forma pauperis*. The plaintiff's application to proceed *in forma pauperis* has been granted by a separate order.

The plaintiff alleges that, on December 20, 2008, he was injured when he stepped from a truck onto a step casing/battery cover which broke. He alleges that the truck had previously been repaired by the defendants. He alleges that the step casing/battery cover was not properly secured. The plaintiff claims that the defendants were negligent.

This court does not have subject-matter jurisdiction in this case.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). The court has an obligation to satisfy itself that it has subject-matter jurisdiction and the court may raise the issue *sua sponte*. *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Fed.R.Civ.P. 12(h)(3).*

The plaintiff asserts that this court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1343. However, the plaintiff has not alleged facts from which it can reasonably be inferred that the court has subject-matter jurisdiction.

The court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's claim is not a claim arising under the Constitution, law or treaties of the United States. Accordingly, the court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The court has jurisdiction over civil rights claims pursuant to 28 U.S.C. § 1343. More specifically, 28 U.S.C. § 1343(a)(1)[1] provides that district courts have jurisdiction over any civil action authorized by law to be commenced by any person "[t]o recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42." The plaintiff's claim is not a civil rights claim and he has not alleged any act done in furtherance of a conspiracy in violation of 42 U.S.C. § 1985. Accordingly, the court does not have jurisdiction pursuant to 28 U.S.C. § 1343.

---

1. The plaintiff cites to 28 U.S.C. § 1343(1). We assume that he meant to cite to 28 U.S.C. § 1343(a)(1).

3

The court has diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between *inter alia* citizens of different states. 28 U.S.C. § 1332. Section 1332 required complete diversity. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). There is complete diversity only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*

The plaintiff alleges that he is a citizen of Pennsylvania. As to defendant Murray's Freightliner, the plaintiff gives a Pennsylvania address and also alleges that the corporate office is in Pennsylvania. As to defendant Freightliner of Harrisburg, the plaintiff gives a Pennsylvania address and alleges that the corporate office is in Oregon.

For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the corporation's nerve center, i.e. the place where the corporation's high level officers direct, control and coordinate the corporation's activities.

4

*Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1186 (2010). A corporation's nerve center is typically found at the corporation's headquarters. *Id.*

The plaintiff alleges that Murray's Freightliner's corporate office is in Pennsylvania. Thus, the plaintiff alleges facts from which it can reasonably be inferred that Murray Freightliner is a citizen of Pennsylvania.

Since both the plaintiff and defendant Murray Freightliner are citizens of Pennsylvania, there is not complete diversity. Accordingly, the court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

This case also does not fall within any of the other categories of the court's subject-matter jurisdiction. *See* 28 U.S.C. §§ 1330 & 1333-1369.

This court does not have subject-matter jurisdiction in this case.

5

It is recommended that the case be dismissed based on lack of subject-matter jurisdiction and that the case file be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: December 27, 2010.